IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**DANIEL C. AMOS, and**
**HEATHER M. AMOS,**

    Plaintiffs,

v.

                            Civil Action No. 1:16-cv-197 (Keeley)
                            Hon.

**ANTERO RESOURCES CORPORATION,**

    Defendant.

ELECTRONICALLY FILED
Oct 19 2016
U.S. DISTRICT COURT
Northern District of WV

### NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATE DISTRICT COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Antero Resources Corporation ("Antero") hereby removes this civil action from the Circuit Court of Doddridge County, West Virginia. In support of this Notice of Removal, Antero states that this Court has diversity jurisdiction over this action and pleads as follows:

**I.**    **SUMMARY OF THE CASE**

1. Plaintiffs Daniel C. Amos and Heather M. Amos commenced this civil action on or about September 19, 2016 by filing a Complaint against Antero in the Circuit Court of Doddridge County, West Virginia. A copy of the Complaint is attached as "Exhibit A."

2. Counsel for Antero, W. Henry Lawrence, accepted service of process on behalf of Antero on September 19, 2016.

3. In addition, the West Virginia Secretary of State accepted service of process on behalf of Antero on September 22, 2016. Thereafter, on September 26, 2016, service of process

was delivered to Antero. Copies of documents evidencing service of process on Antero are attached as "Exhibit B."

4. The Complaint alleges that Antero's operation and maintenance of Marcellus drilling pads and wells along Oxford Road in Doddridge County, West Virginia have negatively impacted the Plaintiffs' home, property, and quality of life. The Complaint contains the following eight counts: Count I – private nuisance; Count II – negligence, gross negligence, reckless and wanton conduct fresh water contamination; Count III – continuing negligence; Count IV – continuing trespass; Count V – strict liability; Count VI – personal injury; Count VII – negligent infliction of emotional distress; and Count VIII – intentional infliction of emotional distress.

5. In the Complaint's Prayer for Relief, Plaintiffs demand: (1) an amount of compensatory damages sufficient to compensate them for the interference of their right to the use and enjoyment of their property; (2) an amount of compensatory damages sufficient to compensate them for the diminution in value of their property; (3) an award of punitive damages; (4) costs and attorneys' fees; and (5) any such other relief the Court deems appropriate.

## II. DIVERSITY JURISDICTION

6. As set forth below, this is a civil action of which the Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, which may be removed by Antero pursuant to 28 U.S.C. § 1441. The dispute is between citizens of different states. In addition, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

A. **Diversity of Citizenship**

7. The dispute is between citizens of different states, as required by 28 U.S.C. § 1332.

8. For purposes of diversity jurisdiction, "[a]n individual is a citizen of the state in which he or she is domiciled." *Bloom v. Library Corp.*, 112 F. Supp. 3d 498 (N.D. W. Va. 2015). Domicile requires physical presence in a state, with the intent to make the state home. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

9. Upon information and belief, now and at the time of commencement of this action, Plaintiffs have been domiciled at 1992 Oxford Road, West Union, West Virginia. Thus, Plaintiffs are citizens of West Virginia.

10. For purposes of diversity jurisdiction, the citizenship of a corporation is determined by its place of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). *See also Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011).

11. Now and at the time of commencement of this action, Antero is a Delaware corporation with its principal place of business located in Denver, Colorado. Thus, Antero is a citizen of Delaware and Colorado.

12. Antero is not now, and was not at the time of the filing of the Complaint, a citizen of West Virginia.

13. Accordingly, there is a complete diversity in this civil action, as required by 28 U.S.C. § 1332.

    **B.**    **Amount in Controversy**

14.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

15.    Recently, the Supreme Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

16.    This Court has held that "[w]hen the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Asbury-Casto v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005).

17.    This Court has included good faith claims for punitive damages in the amount in controversy. *See, e.g., Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 428 (N.D. W. Va. 2012).

18.    This Court has also found that settlement demands can provide evidence of the amount in controversy. *See Six v. Sweeney*, No. 5:13CV3, 2013 WL 1910379, *4 (N.D. W. Va. May 8, 2013) (plaintiff's demand letter for $100,000.00 clearly established by a preponderance of the evidence that the amount in controversy was satisfied).

19.    In this action, Plaintiffs demand damages sufficient to compensate them for the alleged interference with their right to the use and enjoyment of their property and for the diminution in value of their property. Plaintiffs also demand punitive damages.

20.    Moreover, Plaintiffs have made pre-suit settlement demands to Antero, the most recent of which are in excess of $200,000.00.

21.     Antero has a good faith belief that the value of the compensatory damages demanded alone exceeds the sum or value of $75,000.00, exclusive of interest and costs. The demand for punitive damages augments this amount.

22.     Based on the above, the amount in controversy exceeds $75,000.00, surpassing the jurisdictional threshold under 28 U.S.C. § 1332.

23.     Accordingly, federal diversity jurisdiction is established based on the parties' diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

### III. PROCEDURAL REQUIREMENTS

24.     This Court is the appropriate federal venue because Doddridge County, West Virginia is located within the District's jurisdictional territory. *See* 28 U.S.C. § 129(b).

25.     This notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt by Antero, through service or otherwise, of a copy of the initial pleading.

26.     As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs and to the Clerk of the Circuit Court of Doddridge County, West Virginia.

27.     The Clerk of the Circuit Court of Doddridge County, West Virginia will be requested to submit a certified copy of the entire state court record to this Court for filing.

28.     No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

29.     The right to supplement this Notice of Removal or to present additional arguments in support of entitlement to remove and in support of this Court's jurisdiction is hereby reserved.

WHEREFORE, Antero Resources Corporation hereby removes this action from Circuit Court of Doddridge County, West Virginia to the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 19th day of October 2016.

|  |  |
|---|---|
| | */s/ Amy M. Smith* |
| | W. Henry Lawrence (WV State Bar #2156) |
| | hank.lawrence@steptoe-johnson.com |
| | Amy M. Smith (WV State Bar #6454) |
| | amy.smith@steptoe-johnson.com |
| | Lauren K. Turner (WV State Bar #11942) |
| | lauren.turner@steptoe-johnson.com |
| | Shaina D. Massie (WV State Bar #13018) |
| | shaina.massie@steptoe-johnson.com |
| STEPTOE & JOHNSON PLLC | 400 White Oaks Boulevard |
| Of Counsel | Bridgeport, WV  26330 |
| | (304) 933-8000 |
| | |
| | Counsel for Defendant Antero Resources Corporation |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of October 2016, I electronically filed the foregoing "Notice of Removal" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following CM/ECF participants listed below:

> Rodney C. Windom, Esquire
> Scott A. Windom, Esquire
> WINDOM LAW OFFICES, PLLC
> 101 East Main Street
> Harrisville, WV 26362

> */s/ Amy M. Smith*
> Amy M. Smith (W. Va. Bar #6454)

7291515