## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

In the Circuit Court, ____DODDRIDGE____ County, West Virginia

### I. CASE STYLE:

**Plaintiff(s)**

DANIEL C. AMOS and
HEATHER M. AMOS
c/o Windom Law Offices, PLLC
101 East Main Street
Harrisville, WV 26362

vs.

**Defendant(s)**

ANTERO RESOURCES CORPORATION,

C/O CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

Case # 16-C-50
Judge Timothy L. Sweeney

DODDRIDGE COUNTY
CIRCUIT COURT

SEP 19 2016

DWIGHT E. MOORE
CIRCUIT CLERK

**Days to Answer**    **Type of Service**

30                    WV Secretary of State

Original and ___2___ copies of complaint furnished herewith.

# EXHIBIT A

| PLAINTIFFS: DANIEL C. AMOS and HEATHER M. AMOS, husband and wife  DEFENDANTS: ANTERO RESOURCES CORPORATION | CASE NUMBER: 16-C-50 |
|---|---|

II. TYPE OF CASE:

| TORTS | OTHER CIVIL | OTHER CIVIL |
|---|---|---|
| [ ] Asbestos | [ ] Adoption | [ ] Appeal from Magistrate Court |
| [ ] Professional Malpractice | [ ] Contract | [ ] Petition for Modification of Magistrate Sentence |
| [ ] Personal Injury | [X] Real Property | [ ] Miscellaneous Civil |
| [ ] Product Liability | [ ] Mental Health | [ ] Other |
| [ ] Other Tort – Wrongful Death | [ ] Appeal of Administrative Agency | |

III. JURY DEMAND: [√] Yes   [ ] No
CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): __9/17__

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?  [ ] YES  [√] NO
IF YES, PLEASE SPECIFY:
[ ] Wheelchair accessible hearing room and other facilities
[ ] Interpreter or other auxiliary aid for the hearing impaired
[ ] Reader or other auxiliary aid for the visually impaired
[ ] Spokesperson or other auxiliary aid for the speech impaired
[ ] Other:_____

Attorney Name: __Scott A. Windom__     Representing:
Firm: Windom Law Offices, PLLC             [√] Plaintiffs    [ ] Defendant
Address: 101 E. Main St., Harrisville, WV 26362   [ ] Cross-Complainant   [ ] Cross-Defendant
Telephone: __(304) 643-4440__   Dated: __September 19, 2016__

_Scott A. Windom_
Signature

[ ] Pro Se

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

DANIEL C. AMOS and HEATHER M. AMOS,
Husband and Wife,

        Plaintiffs,

v.

        Civil Action No. 16-C-50

ANTERO RESOURCES CORPORATION,

        Defendant.

DODDRIDGE COUNTY CIRCUIT COURT
SEP 19 2016
DWIGHT E. MOORE
CIRCUIT CLERK

### COMPLAINT

Come now the Plaintiffs in the above-styled matter and for their Complaint in this cause, respectfully hereby state as follows:

### Parties

1. Plaintiffs, **DANIEL C. AMOS** and **HEATHER M. AMOS**, husband and wife, presently and at all times during the events described herein, have resided at 1992 Oxford Road, West Union, West Virginia.

2. Defendant, **ANTERO RESOURCES CORPORATION**, is a foreign corporation authorized to do business in West Virginia, with its principal place of business located at 1625 17th Street, Suite 300, Denver, Colorado, 80202. It may be served with process through its registered agent, CT Corporation System, 5400 D Big Tyler Road, Charleston, West Virginia, 25313.

### Nature of the Case

3. This is an action by residents and/or owners of that certain tract of real estate situate on the waters of Cabin Run in Central District, Doddridge County, West Virginia, for permanent and abatable nuisance and negligence/recklessness, trespass, strict liability, personal injuries,

1

negligent infliction of emotional distress and intentional infliction of emotional distress against Defendant Antero Resources Corporation, for damages arising from the Defendant's construction, operation and maintenance of Marcellus drilling pads and the drilling of Marcellus wells along Oxford Road in Doddridge County, West Virginia.

4. The Plaintiffs' home, property, and quality of life have all been negatively impacted and the Plaintiffs are no longer able to enjoy their lives and properties in the way they previously enjoyed prior to the Defendant's acts and/or omissions as described herein.

## Jurisdiction and Venue

5. Jurisdiction is appropriate in this Court because the Plaintiffs reside in Doddridge County, West Virginia, the affected property is located in Doddridge County, West Virginia, and the Defendant regularly conducts business in Doddridge County, West Virginia.

6. Venue is appropriate in this Court because the Plaintiffs reside in Doddridge County, West Virginia, the Defendant's natural gas activities at issue in this action were conducted in Doddridge County, West Virginia, and the harms complained of herein occurred in Doddridge County, West Virginia.

## General Allegations

7. The Plaintiffs have possessory interests in their property on Cabin Run in Central District of Doddridge County, West Virginia.

8. Since living in Doddridge County, the Plaintiffs had come to expect, value, and enjoy the quiet of the area; the darkness of area; the overall peacefulness of the area; the limited traffic and use of the local roads by large and heavy trucks and equipment.

9. As a result of the Defendant's grossly negligent and reckless design, construction, operation, and maintenance of various and numerous oil and gas wells and pads—including the Prim Pad and Robert Williams Pad; the grossly negligent and reckless drilling of horizontal natural gas wells; the grossly negligent, reckless, willful, and wanton communication with existing oil and gas wells; and, the grossly negligent, reckless, willful and wanton contamination of freshwater sources, the Plaintiffs have suffered and continue to suffer significant damages to their rights to the use and enjoyment of their property for which they are entitled to compensation.

10. The Defendant, Antero Resources Corporation, at all times relevant hereto, engaged in the acquisition, construction, drilling, completion, operation maintenance of their various oil and gas well and pads in Doddridge County, West Virginia, which are in the vicinity of Oxford Road and are the subject of this litigation.

## Count I – Private Nuisance

11. In constructing, operating, and maintaining the Marcellus well pads along Oxford Road—including the Primm Pad and Robert Williams Pad—the Defendant Antero Resources Corporation has caused or contributed to cause the creation of one or more of the following conditions on and/or near the property of the Plaintiffs, which include, but are not limited to, the following:

   a. Excessive noise;
   b. Excessive lights;
   c. Excessive emissions;
   d. Excessive odors;
   e. Excessive heavy equipment and truck traffic which causes: noise, damage to roads, vibration of the Plaintiffs' homes and buildings, excessive diesel fumes and other emissions, property damage, and significant danger to Plaintiffs while traveling the roads near their property.

3

12. The Defendant, Antero Resources Corporation, by its acts and/or omissions, including those if its officers, agents, contractors, and/or employees, and improper ownership, control, operation and maintenance of the Marcellus well pads along Oxford Road and in close proximity to the Plaintiffs' properties has frequently caused, created, and maintained unreasonable, and substantial interference with the private use and enjoyment of the Plaintiffs' properties.

13. As a direct and proximate result of the Defendant's repeated acts and/or omissions in the construction, operation, and maintenance of the Marcellus well pads along Oxford Road, the Plaintiffs have suffered fear of injury and/or death in the event of an explosion or catastrophic event occurring at the well pads due to their close proximity to the same, as well as frequent, substantial, and significant impairment to their use and enjoyment of property, including, but not limited to, some or all of the following:   substantial discomfort, inconvenience, annoyance, offense to the senses, angst, anxiety, distress, disgust, embarrassment, fear, concern, difficulty sleeping, health concerns, deprivation of the ability to further develop their property, destruction of the serenity of their property, diminution in value of their property, property damage, and their concern for air quality, for which they are entitled to compensation.

14. The Defendant, Antero Resources Corporation, including its officers, agents, and/or employees knew or should have been substantially certain that their activities in the site selection, construction, operation and maintenance of the Marcellus well pads along Oxford Road would create and maintain such a repeated and continuing nuisance to these Plaintiffs.

15. Each of the aforesaid frequent or repeating injurious conditions created by the Defendant, Antero Resources Corporation, was reasonably and practicably abatable through better site selection, operation, procedures, management, repair, technology, oversight, maintenance, or otherwise.

4

16.     Further, some or all of the repeated acts and/or omissions of the Defendant described herein, including its officers, agents, contractors, and/or employees, were intentional and/or grossly, recklessly, and/or wantonly negligent, and were done with utter disregard for the Plaintiffs' rights and therefore, the Plaintiffs are entitled to an award of punitive damages.

### Count II– Negligence, Gross Negligence, Reckless and Wanton Conduct- Fresh Water Contamination

17.     On or about September 22, 2014, Defendant Antero Resources, its agents, contractors and/or employees negligently, grossly, recklessly and/or wantonly directed, drilled, calibrated and/or otherwise maneuvered their drilling tools of the "Stella 1H" borehole, API #47-017-06563, and intersected an adjacent well identified as the "Callie 2H" well, API #47-017-06193, both located on the Primm Pad.

18.     The resulting intersection of the "Callie 2H" well and the "Stella 1H" well then communicated with several residential water wells in the vicinity of the Primm pad and one or more existing and/or abandoned shallow oil and gas wells.

19.     The resulting communication between the aforementioned "Callie 2H" well and "Stella 1H" well caused methane, toluene, benzene, arsenic, diesel range organics, iron, manganese and other hazardous substances, including known carcinogens, to contaminate numerous fresh water supplies of various residents in the vicinity of the Primm pad.

20.     Defendant Antero Resources, its agents, employees and/or contractors negligently, recklessly, willfully and/or wantonly failed to drill through fresh groundwater zones in a manner that will minimize any disturbance of the zones, in violation of applicable law.

21.     Defendant Antero Resources, its agents, employees and/or contractors negligently, recklessly, willfully and/or wantonly failed to construct the "Stella 1H" and "Callie 2H" wells and conduct casing and cementing activities for all horizontal wells in a manner that provided for

5

control of the wells at all times, in violation of applicable law.

22. By their actions, the Defendant Antero Resources, its agents, employees and/or contractors negligently, recklessly, willfully and/or wantonly failed to prevent the migration of gas and other fluids into the fresh groundwater and prevent pollution of or diminution of fresh groundwater, in violation of applicable law.

### Count III– Continuing Negligence

23. The Defendant, Antero Resources, at all times relevant herein, owed the following duties of reasonable care to the Plaintiffs, which include, but are not limited to:

a. To reasonably and responsibly own, operate, control, and maintain the Marcellus well pads along Oxford Road so as to not injure the Plaintiffs or otherwise impair their use and enjoyment of their property;

b. To mitigate excessive noise created by the Marcellus well pads along Oxford Road;

c. To mitigate excessive lights produced by the operation of the Marcellus well pads along Oxford Road;

d. To mitigate emissions from the operation of the Marcellus well pads along Oxford Road;

e. To mitigate excessive odors from the operation of the Marcellus well pads along Oxford Road;

f. To prevent the release of hazardous and toxic substances into the air from the construction and operation of the Marcellus well pads along Oxford Road;

g. To prevent the release of hazardous and toxic substances into the plaintiffs' fresh water supply from the construction and operation of the Marcellus well pads along Oxford Road;

h. To refrain from causing excessive traffic in the form of trucks and heavy equipment to be traveling constantly along the rural country roads thereby

6

            causing fear, annoyance, aggravation, inconvenience, and property damage;

    i.    To prevent the continuing contamination and pollution of the Plaintiffs' property; and,

    j.    To prevent the continuing contamination and pollution of the Plaintiffs' fresh water supply.

24.    The Defendant, including its officers, agents, contractors, and/or employees, by their continuing acts and omissions, have frequently breached these duties of care to the Plaintiffs, and was otherwise repeatedly and frequently negligent, gross, reckless, and wanton in their actions, thereby directly and proximately causing significant damages to the Plaintiffs for which they are entitled to compensation.

25.    The Defendant, including its officers, agents, and/or employees, should have taken reasonable precautions and measures to prevent and/or mitigate the problems caused by their activities.

26.    As a direct and proximate result of the Defendant's acts and omissions stated herein, including those of their officers, agents, contractors, and/or employees, the Plaintiffs have repeatedly suffered damages for which they are entitled to compensation.

27.    As a direct result of the conduct of the Defendant, the Plaintiffs have been forced to incur substantial costs, expenses and attorney fees.

28.    Further, some or all of the acts and/or omissions of the Defendant described herein, including those of their officers, agents, contractors, and/or employees, were intentional and/or grossly, recklessly, and/or wantonly negligent, and were done with utter disregard for the Plaintiffs' rights and therefore, the Plaintiffs are entitled to an award of punitive damages.

## Count IV—Continuing Trespass

29. The acts and omissions of the Defendant, or the acts or omissions of its agents, employees and contractors, have caused the contamination and pollution of the Plaintiffs property in a manner that has caused significant property damage. This trespass continues and will likely continue into the future.

30. The Defendant knew or should have known that its acts or omissions, or the acts or omissions of its agents, employees and contractors, would result in the contamination and pollution of the Plaintiffs property.

31. Plaintiffs have an ownership or possessory interest in their property and the current contamination and pollution of the Plaintiffs' property constitutes a wrongful entry onto their property that continues and will likely continue into the future.

32. As a result of the Defendant's acts or omissions, or the acts or omissions of its agents, employees and contractors, including trespass onto the Plaintiffs' property, the Plaintiffs have been damaged.

33. Insofar as the Defendant's acts or omissions, or the acts or omissions of its agents, employees and contractors, were grossly negligent, willful, wanton or reckless, the Plaintiffs are entitled to punitive damages.

## Count V—Strict Liability

34. Defendant is strictly liable for its wrongful, reckless, grossly negligent, willful or wanton actions alleged herein.

8

## Count VI—Personal Injury

35. The Plaintiffs have suffered physical injuries, emotional injuries, pain and suffering, loss of enjoyment of life, and incurred medical expenses as a direct and proximate result of the negligent, grossly negligent, willful, wanton and reckless conduct of the Defendant.

## Count VII—Negligent Infliction of Emotional Distress

36. The Defendant, its agents, employees and/or contractors knew or should have known that their acts and omissions would contaminate and pollute the Plaintiffs' property and fresh water supply, inflicting emotional distress on the Plaintiffs.

37. The Defendant, its agents, employees and/or contractors knew or should have known that their acts and omissions would constitute continuing nuisance activities that would inflict emotional distress on the Plaintiffs.

38. The Plaintiffs have suffered emotional distress as a direct and proximate result of the negligent acts or omissions of the Defendant, its agents, employees and/or contractors.

## Count VIII—Intentional Infliction of Emotional Distress

39. The Defendant, its agents, employees and/or contractors have acted with the intent to inflict emotional distress on the Plaintiffs by the following conduct:

   a. Intentionally and maliciously destroying the Plaintiffs' yard;
   b. Intentionally and maliciously destroying the Plaintiffs' fence;
   c. Intentionally and maliciously damaging the Plaintiffs' driveway;
   d. Intentionally and maliciously spinning gravel at the Plaintiffs' children;
   e. Intentionally and maliciously directing high powered lights into the Plaintiffs' home;

9

    f. Intentionally and maliciously yelling obscenities at the Plaintiffs and their family;

    g. Intentionally and maliciously leaving trash and garbage on the Plaintiffs property;

    h. Other intentional and malicious actions that were meant to inflict emotional distress on the Plaintiffs.

40. As a direct and proximate result of the intentional and malicious actions if the Defendant, its agents, employees and/or contractors, the Plaintiffs have suffered extreme emotional distress.

### Prayer for Relief

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendant, Antero Resources Corporation, awarding the Plaintiffs actual damages in a fair and reasonable sum and in an amount to be determined at trial by jury sufficient to compensate the Plaintiffs: for the interference of their right to the use and enjoyment of their respective properties; for diminution in value of their properties; for punitive damages to be determined at trial in an amount set by law or the trier of fact sufficient to punish the Defendant, Antero Resources Corporation; for the above described conduct and to deter others from like conduct; for attorney fees and costs expended in this action, and for other such relief as this Court may deem just and appropriate.

*PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.*

                **DANIEL C. AMOS and HEATHER M. AMOS,**
                **Husband and Wife,**
                      Plaintiffs,
                By Counsel.

*/s/ Scott A. Windom*

**RODNEY C. WINDOM**
W.Va. State Bar #4091
**SCOTT A. WINDOM**
W.Va. State Bar #7812
**Windom Law Offices, PLLC**
101 East Main Street
Harrisville, West Virginia 26362
Telephone No. (304) 643-4440
Facsimile No. (304) 643-2947
**COUNSEL FOR THE PLAINTIFFS**

11